UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE DUNCAN, on behalf of
himself and those similarly
situated,

    Plaintiff,

v.                            Case No. 8:08-cv-779-T-33TBM

JIM FRALIN CONSTRUCTION,
INC., a Florida Corporation,
and FRABEL CONSTRUCTION,
INC., a Florida Corporation,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' joint stipulation for dismissal with prejudice (Doc. # 18), which was filed on March 19, 2009. The parties stipulate that this action be dismissed with prejudice with each party to bear its own attorney's fees and costs. The Court approves the stipulation for the reasons that follow.

**I.   Background**

Duncan filed his one-count complaint against his former employers, on April 22, 2008, under the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-209, alleging that he worked overtime hours but was not paid time and one-half compensation. (Doc. # 1 at ¶ 8). On May 23,

2008, defendants filed their answer and affirmative defenses. (Doc. # 7). Thereafter, on February 20, 2009, Duncan informed the Court of the case's resolution through a mediated settlement. (Doc. # 16). The parties have now filed this stipulation of dismissal with prejudice. (Doc. # 18).

II. **Analysis**

The FLSA provides mandatory protection for "certain segments of the population from substandard wages and excessive work hours." Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178, 1180 (11th Cir. 1982). Under the FLSA, "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). These provisions are mandatory, and an employee may not settle, compromise, or waive a claim for back wages unless 1) the Secretary of Labor supervises the payment to the employee of unpaid wages owed or 2) the presiding district court enters a stipulated judgment after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing 29 U.S.C. § 216(b), (c)).

A district court, when reviewing a proposed settlement, considers whether the settlement reflects "a reasonable

2

compromise of disputed issues [as opposed to] a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. Specifically, courts considers the following six factors when determining the reasonableness and fairness of a proposed settlement:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

However, "[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." Feagans v. Americana Jax Inv., Inc., 3:07-cv-433-J-33HTS, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008); see also, Mackenzie v. Kindred Hosps. E., LLC., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny. . . .").

The settlement between the parties is not a compromise of Duncan's claim and therefore does not require the Court's scrutiny. As the parties' joint stipulation explains,

defendants have paid Duncan "in full for all of his claims, including his claim for overtime pay, liquidated damages and attorney's fees and costs." (Doc. # 18 at 1). The Court therefore finds it appropriate to dismiss this case with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is hereby **DISMISSED** with prejudice with each party to bear its own attorney's fees and costs.

(2) The clerk is directed to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of April 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record